```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF SOUTH CAROLINA
                          BEAUFORT DIVISION
```

Aaron Shah Khan,                        )
                                        )
               Plaintiff,         )    C.A. No. 9:18-2180-HMH-BM
                                        )
             vs.                    )    **OPINION & ORDER**
                                        )
Aiken County Detention Center, Southern )
Health Partners, Deputy Wilson, Deputy  )
McDuffie, Sgt. Bradly, Lt. Eric Riddell,)
Nurse NFN Shellie, Deputy Craig Hallett,)
Deputy Timmerman, Nurse NFN Angel,      )
Brandi Galloway, Sherry Hammick,        )
Dr. NFN Williams, Deputy Gibson, Nurse  )
NFN Robyn, Deputy Arthurs, Deputy       )
Merrick, Deputy Cobb, Deputy Roberts,   )
Lt. Butts, Lt. Hettich, Lt. Bowman,     )
Lt. Clamp, Cpl. Brodus, and Cpl. Buggs, )
                                        )
             Defendants.           )

      This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Aaron Shah Khan ("Khan"), a state prisoner, proceeding pro se, alleges a violation of 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Marchant recommends dismissing Defendant Aiken County Detention Center ("ACDC") as a party to this case, without prejudice and without issuance and service of process. (R&R 3, ECF No. 15.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Khan filed objections to the Report and Recommendation. (Objs., generally, ECF No. 22.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Khan's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Khan objects to the magistrate judge's recommendation that the ACDC is not amenable to suit under § 1983, and argues that the ACDC is a municipal entity and corporation subject to suit under Monell v. Department of Social Services, 436 U.S. 658 (2000). (Objs., 2, ECF No. 22.) This objection is without merit.

A party asserting a § 1983 action must allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983. Only "persons" can act under color of state law, and therefore, a defendant in a § 1983 action must qualify as a "person." ACDC is not a person under § 1983. Allison v. Cal. Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (finding that a prison is not a person subject to suit under § 1983); Rutland v. Dorchester Cty. Det. Ctr., No. 8:09-274-SB, 2009 WL 1704331, at *2 (D.S.C. June 17, 2009) (finding that a detention center is not a person subject to suit under § 1983); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) (finding that a jail is not amenable to

suit under 42 U.S.C. § 1983), vacated in part on other grounds by, 203 F.3d 821 (4th Cir. 2000); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts the Report and Recommendation and dismisses ACDC.

Therefore, it is

**ORDERED** that Khan's claim against ACDC is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
October 30, 2018

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.